ERMA FORSYTHE, an Infant, by RAY FORSYTHE, Her
Guardian ad Litem, Respondent, *v.* HAROLD F. DUR-
HAM, Appellant.

(Argued January 29, 1936; decided March 3, 1936.)

*Lewis E. Mosher* and *Sherman Moreland* for appellant.
There is no evidence to support the finding that the
defendant acted maliciously. (*Hemmens* v. *Nelson*, 138
N. Y. 517; *Ashcroft* v. *Hammond*, 197 N. Y. 488; *Haft* v.
*First Nat. Bank*, 19 App. Div. 423; *Decker* v. *Gaylord*,
35 Hun, 584; *Long* v. *Peters*, 47 Iowa, 239; *Dickinson* v.
*Hathaway*, 122 La. 644; *Pecue* v. *West*, 233 N. Y. 316.)

*John D. O'Loughlin* and *J. Laning Taylor* for respond-
ent. The question of malice was properly submitted to
the jury. (*Tim* v. *Hawes*, 97 Misc. Rep. 30; *Pecue* v.
*West*, 233 N. Y. 316; *Sewell* v. *Catlin*, 2 Wend. 296; *Jarvis*
v. *Hathaway*, 3 Johns. 178; *Fowles* v. *Brown*, 30 N. Y. 20;

*Lally* v. *Emery*, 59 Hun, 237; *Bernstein* v. *Singer*, 1 App. Div. 64; *Bassell* v. *Elmore*, 48 N. Y. 561; *Thorn* v. *Moser*, 1 Den. 488; *Lindsey* v. *Smith*, 7 Johns. 359; *Demarest* v. *Harring*, 6 Cow. 87; *Harwood* v. *Keech*, 4 Hun, 89.)

*Per Curiam.* In this action for slander defendant is principal of a high school and plaintiff was a student therein. Defendant's duty required him to communicate to the Board of Education the fact that rumors concerning plaintiff were circulated among the students and teachers. In so acting he was protected by a qualified privilege and is free from liability unless his conduct resulted from malice. That there was no actual malice is conceded. There is no evidence that defendant acted with a wanton and reckless disregard of plaintiff's rights or otherwise than in good faith. (*Pecue* v. *West*, 233 N. Y. 316, 322, 323.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.