Elizabeth Nunan, Respondent, *v.* Fred W. Bullman, Appellant.

Third Department, May 3, 1939.

Frederick E. Hawkes [*Nathan Turk* of counsel], for the appellant.

Frank A. Bell [*C. Addison Keeler* of counsel], for the respondent.

Per Curiam. (This opinion was prepared by the late Justice Rhodes. It reflects the sentiment of the court.) The action is for slander, based upon a false statement by defendant that plaintiff, a coal dealer, gave short weight in a sale of coal to the board of education of district No. 7 of the town of Barton, Tioga county, N. Y.

As a general rule words are actionable if they directly tend to the prejudice or injury of any one in his profession, trade or business, whether the words are written or oral. (*Cruikshank* v. *Gordon*, 118 N. Y. 178; *Moore* v. *Francis*, 121 id. 199; *Mattice* v. *Wilcox*, 147 id. 624; *Bennet* v. *Commercial Advertiser Assn.*, 230 id. 125; *Triggs* v. *Sun Printing & Pub. Assn.*, 179 id. 144; *Krug* v. *Pitass*, 162 id. 154; *Hinrichs* v. *Butts*, 149 App. Div. 237.)

The defendant, however, claims immunity from liability on the ground that because of the occasion these statements were privileged. He was a member of the coal committee of the board and at one of

its meetings another member inquired why no coal had been purchased of the plaintiff, whereupon he made the statement complained of. He had investigated the transaction several months before the meeting in question and knew that plaintiff was innocent of any such charge.

The evidence justifies the finding that the defendant in making the charge as to short weight did not give a full explanation of the true facts and that as a result his hearers were justified in assuming from his statements that he was charging the plaintiff with " short weight " in her delivery of coal to the school (See *Hayes* v. *Ball*, 72 N. Y. 418), which presents a situation entirely different from a case where a person makes a false statement in good faith, believing it to be true, as was the case of *Forsythe* v. *Durham* (270 N. Y. 141).

A defamatory statement is not privileged if made by one who at the time of its utterance has knowledge of its falsity. (See *Pecue* v. *West*, 233 N. Y. 316; *Hamilton* v. *Eno*, 81 id. 116; *Triggs* v. *Sun Printing & Pub. Assn.*, *supra*; *Lewis* v. *Chapman*, 16 N. Y. 369; *Mattice* v. *Wilcox*, *supra*.)

The court held that while defendant was none too careful in his statements he did not go beyond negligence or poor judgment; that he was not actuated by actual malice and, therefore, did not award any punitive damages; further, that the similar communication to Mr. Emmons, the sealer of weights and measures, was qualifiedly privileged for the reason that it was made in response to an inquiry instigated by the plaintiff, and that Mr. Emmons apparently knew the facts and needed no explanation.

The judgment should be affirmed, with costs.

HILL, P. J., McNAMEE, CRAPSER and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.