THOMAS, Justice.
The appellant was the unsuccessful plaintiff in the circuit court. He filed a complaint against the appellee charging, in the first count, that the appellee, “maliciously intending to * * * bring him into public scandal and disgrace,” wrote a letter to Arthur W. Brooks that contained the following sentence: “ ‘This will repeat in writing the information which I delivered to you in person; i. e. that your salesman APPELL informed me that he had used fraud in the securing,of certain contracts and that this fraud was committed with your knowledge and consent.’ ” The appellant also charged, in the second count, that by a letter to the same addressee — we do not knows whether this is the identical letter from which the pleader quoted in his first count — the appellee maliciously intended to injure him by stating that he had “deceitfully and fraudulently made representations to many individuals in selling cemetery lots belonging to the corporations of which defendant was president, * * The appellant claimed that he was greatly damaged by appellee’s statements and accusations. .
Trial of the issues .formed by the appel-lee’s answer was begun and at the conclusion of the appellant’s evidence, it was terminated when the judge granted the appel-lee’s motion for a directed verdict. Later a judgment was entered for the appellee and we now review it.
The appellant poses three questions and the appellee, dissatisfied with their form, presents a question of his own. All center on the judge’s action in directing the verdict and bring into focus the nature of the communication, that is, whether it was privileged, and the absence or presence of malice on the part of appellee.
We think that the communication was qualifiedly privileged. The corporation of which appellee was president had an arrangement with Arthur W. Brooks to sell lots in its Dade Memorial Park, a cemetery. The appellant was employed by Brooks as a salesman. While these relationships were in existence appellee wrote Brooks the letters described in the complaint. The appellee, in his capacity as president of the corporation, was concerned in the methods used to sell the property for it was to the interest of the corporation that the good will of purchasers be not impaired by any shady transactions.
Appellee had no immediate control over the appellant so" if he was informed by the employee himself, as he wrote Brooks, that the employee was indulging in fraud to procure purchasers, he could not be expected to do less than relay the information to Brooks.
In these circumstances a presumption arose that there was no malice. But our study of the record convinces us that, enough testimony was introduced by the appellant to require appellee to meet appellant’s proof. The appellant categorically denied any misconduct by him in his dealings with purchasers and he stated positively that he met the appellee two days before the letter was written and the matter *826 of any “fraudulent representations” by the appellant was not mentioned. On the contrary, so appellant testified, the appellee wanted him to take Brooks’ place as sales, manager of Dade Memorial Park. AppeL lee asked appellant if he planned to go with Brooks who was.to work for a competitor, his contract with appellee’s corporation having recently expired. As appellant described the meeting, appellee “became almost hysterical in begging me not to go * * As appellant undertook to take his leave of appellee, appellee grabbed him by the lapels and begged him “repeatedly * * * not to go to work for Camplain,” president of Southern Memorial Park, the competitor. Appellant, so he said “had to really tear [his] lapels from his [appel-lee’s] hands to get away from him to go home.”
This testimony required the reply which appellee was relieved from giving by the directed verdict, and we think it should have been forthcoming despite the presumption of lack of malice that arises from a privileged communication. Leonard v. Wilson, 150 Fla. 503, 8 So.2d 12. We are of the view also that, in the face of the denial and the description of the meeting between appellant and appellee, it cannot be said that no testimony was introduced from which actual malice could be logically inferred. Loeb v. Geronemus, Fla., 66 So.2d 241; Caldwell v. Personal Finance Co. of St. Petersburg, Fla., 46 So.2d 726; Nunan v. Bullman, 256 App.Div. 741, 12 N.Y.S.2d 51.
The judgment is—
Reversed.
ROBERTS, C. J., and TERRELL and HOBSON, JJ., concur.
DREW, J., dissents.
SEBRING and MATHEWS, JJ., not participating.