■ MERCEDES-BENZ OF NORTH AMERICA, INC., Respondent, v GERALD M. FINBERG, Appellant.—In a replevin action, defendant appeals from an order of the Supreme Court, Nassau County, dated July 8, 1976, which (1) granted plaintiff's motion (a) for leave to amend its complaint and its reply to defendant's third counterclaim, and (b) for summary judgment dismissing the third counterclaim, and (2) denied his cross motion for summary judgment. Order modified by deleting therefrom the provisions which granted the branches of plaintiff's motion which sought leave to amend the complaint and summary judgment dismissing defendant's third counterclaim, and substituting therefor provisions denying the said branches of the motion, without prejudice to a proper application for leave to amend the complaint. As so modified, order affirmed, without costs or disbursements. In our opinion, Special Term erred in granting plaintiff-respondent leave to amend its complaint. In January, 1974 plaintiff served its complaint for replevin of the automobile it had sold to defendant-appellant pursuant to an employer-employee discount agreement, based upon defendant's failure to make payments. Thus, plaintiff was aware at that time that it also had grounds for a cause of action for breach of the agreement. Furthermore, in March, 1974, Chase Manhattan Bank notified plaintiff, as guarantor of the loan which defendant had procured to purchase the subject vehicle, that it was charging plaintiff's account with defendant's unpaid note in the sum of $8,686.32. However, plaintiff did not move for leave to amend its complaint

to set forth, *inter alia,* additional causes of action for breach of contract and for the moneys it had paid as guarantor to Chase Manhattan until April, 1976, more than two years later. Moreover, it has given no valid reason to justify the delay. Accordingly, the branch of plaintiff's motion which sought leave to amend its complaint is denied, without prejudice to plaintiff making a further application showing in detail the reason for the delay, and setting forth facts excusing the failure or negligence necessitating the amendment, so far as these facts are within its knowledge (see *McSweeney v Levin,* 30 AD2d 654). We are also of the opinion that Special Term erred in dismissing defendant's third counterclaim, which alleges a cause of action for defamation, on the ground that defendant had failed to set forth evidentiary facts showing actual malice on the part of plaintiff. Defendant's cause of action for defamation is based upon remarks allegedly made by plaintiff's public relations director, Leo Levine, to a representative of another firm where defendant was seeking employment as a commercial photographer. In response to a reference check by the prospective employer, Mr. Levine was supposed to have told the latter's representative that defendant, while in plaintiff's employ, *inter alia,* padded bills and went above and beyond specific jobs in order to increase his fees. Although plaintiff denied that such statements had ever been made by Mr. Levine, it contended, and Special Term agreed, that even if such statements were made and were false, since they were made in response to a reference check by a prospective employer of defendant, they were qualifiedly privileged and required a showing of malice or spite in order to be actionable. We disagree. A communication may be so extravagant or so vituperative in its character as to justify an inference of malice *(Green v Kinsella,* 36 AD2d 677) and, as a general rule, words are actionable if they directly tend to prejudice or injure anyone in his profession, trade or business *(Cruikshank v Gordon,* 118 NY 178). In our opinion, a remark by Mr. Levine that defendant had padded bills while in plaintiff's employ, if false, would raise an inference of malice. The law is settled that a publication is conditionally or qualifiedly privileged where circumstances exist, or are reasonably believed to exist by a person accused of making a defamatory statement, which cast on him a duty of making a communication, or where such person is so situated that it becomes right in the interest of society that he should tell third persons certain facts, which he in good faith proceeds to do. Such a defense rests upon considerations of public policy *(Harrison v Arrow Metal Prod. Corp.,* 20 Mich App 570). However, a defamatory statement is not qualifiedly privileged if made by one who, at the time of the utterance, has knowledge of its falsity *(Nunan v Bullman,* 256 App Div 741). Where it appears that defamatory statements were made by one who knew them to be false, or did not believe them to be true, or did not have probable cause for believing them to be true, there is sufficient evidence of malice to destroy a qualified privilege (53 CJS, Libel and Slander, § 215). In the instant situation, Mr. Levine, according to his pretrial testimony and the pretrial testimony of defendant, was the officer of plaintiff with whom defendant did business. Thus, Mr. Levine would have personal knowledge as to whether he did falsely relate to the defendant's prospective employer that defendant had a habit of padding bills while in plaintiff's employ. Thus, questions of fact precluding summary judgment are present as to whether the remarks in dispute, from which an inference of malice can be drawn, were made by Mr. Levine to the prospective employer's representative, and, if made, whether such statements were false (cf. *Nunan v Bullman, supra).* Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.