■ Murray Kadish, Respondent, v Gerald Dressner, Appellant. — In a libel action, defendant appeals from an order of the Supreme Court, Rockland County (Skahen, J.), entered March 31, 1981, which denied his motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint dismissed. The plaintiff is a licensed electrical contractor. Defendant, a homeowner, hired Valley Kitchen & Home Remodelers, Ltd. (Valley Kitchen) of Monsey, New York, to finish his basement, and Valley Kitchen in turn engaged the plaintiff to do the electrical work. Defendant alleges that "[p]laintiff came to [my] home and performed work for Valley [Kitchen] on several occasions, the last being September 21, 1979, when he declared that his work was finished. However, two electrical fixtures installed by plaintiff were defective and non-functional." After unsuccessfully attempting to contact the plaintiff so that the latter could repair or replace the defective fixtures, defendant employed another electrician to finish the job. On December 5, 1979, defendant and his wife wrote to the Rockland County Office of Consumer Protection to complain of the plaintiff's conduct. The letter stated that plaintiff, upon doing the "necessary" electrical work, "filed for a preliminary New York State Underwriters inspection", which took place on September 21, 1979. The letter continued: "However, since that initial inspection, we have tried desperately to have Mr. Kadish [plaintiff] finish the job and file for a final inspection so that we can obtain the New York State Underwriters Certificate to properly insure the new addition to our home, but all our efforts have been to no avail. Mr. Kadish has been totally uncooperative in complying with the request to finish the job both for us as well as Valley Kitchen and has never been back to our home since Sept. 21, 1979. We feel these facts should be on record with the proper local authorities, and if there is anything you or your department could do to prevent other consumers from having the same problem with Mr. Kadish it would greatly be appreciated by all concerned." On December 11, 1979, defendant sent a letter to "Mr. Joseph McDevitt, Electrical Examiner", in the Rockland County Office Building in New City and enclosed a copy of the December 5 letter. In February, 1980, plaintiff commenced the instant suit to recover compensatory and punitive damages. The operative paragraphs of his complaint allege that he was obligated to obtain a New York underwriters certificate upon completion of the job, that he had in fact secured such a certificate which he had given to Valley Kitchen, and that at the time the letters were published, the defendant "knew or should have known" that the statements contained in the letters were false. Plaintiff charged that defendant had made these statements "maliciously" in order to avoid paying the contractors. According to plaintiff, he had given the certificate to Valley Kitchen and the latter had retained it because defendant had failed to pay Valley Kitchen. In his answer, defendant asserted, *inter alia,* the defenses of truth and privilege. By notice of motion returnable February 6, 1981, the defendant moved for summary judgment dismissing the complaint. In an affidavit, defendant claimed that he had never received a certificate, and that if one had been issued, he had never been so informed. Defendant also asserted that the statements contained in the letters were true and that the letters had been sent to protect his own and the public interest. Plaintiff's answering affidavit did not significantly expand upon the allegations of the complaint. Special Term, however, held that the papers presented various issues of fact necessitating a trial. This was error. It appears, and we may assume, that the December 5 letter indicating that plaintiff had failed to

obtain an underwriters certificate implies that he is unfit to pursue his profession as an electrician (see, generally, 34 NY Jur, Libel and Slander, § 36 *et seq.*). But "[c]ommunications made to enable the recipient to act in the public interest are conditionally privileged" (Sack, Libel, Slander and Related Problems, p 314), and plaintiff must prove that defendant was actuated by malice (*id.*, p 328 *et seq.*) in order to recover. Defendant first wrote to the Rockland County Office of Consumer Protection. The law establishing this office empowered and obliged its head to, *inter alia,* "[r]eceive and investigate complaints * * * of frauds or unfair dealings against consumers" and to "[r]eport to the appropriate law enforcement agencies any information concerning violations of any consumer protection laws" (Local Laws, 1970, No. 5 of Rockland County, § 3, subds a, f). The county legislature thus recognized that the public interest required that consumers aggrieved by "frauds or unfair dealings", a broad description of conduct, should communicate their difficulties to the Office of Consumer Protection. The legislature also expressly empowered this authority to act upon such information. Consequently, defendant's letter, which states such a complaint and no more (see Restatement, Torts 2d, § 605A), must be accorded a conditional privilege. Defendant also wrote to a local official who apparently licenses and regulates electricians (see 18A NY Jur, Electricians, Plumbers and Other Artisans, §§ 5, 13, 14). A communication to a licensing authority is at least conditionally privileged (1 Seelman, The Law of Libel and Slander in the State of New York, par 259; but see Sack, Libel, Slander and Related Problems, pp 285-286; cf. *Toker v Pollak,* 44 AD2d 211, 222). "When defendant's statements are presumptively privileged the rule is that, in order to render them actionable, it is 'incumbent on the plaintiff to prove that [they were] false and that the defendant was actuated by express malice or actual illwill. While there are numerous cases in the books in which it is said that as to privileged communications the good faith of the defendant and the existence of actual malice are questions of fact for the jury, the expression must not be misunderstood. Those questions are for the jury only where there is evidence in the case warranting their submission to the jury, and the burden of proof is on the plaintiff' (*Ashcroft* v. *Hammond,* 197 N. Y. 488, 495-496; see *Hemmens* v. *Nelson,* 138 N. Y. 517, 529). Falsity is not sufficient for an inference of malice. ' "It must be * * * consistent only with a desire to injure the plaintiff to justify * * * [sending] the question of malice to the jury" ' (*Fowles* v. *Bowen,* 30 N. Y. 20, 26; see *Loewinthan* v. *Le Vine,* 299 N. Y. 372, 375). 'By actual malice is meant "personal spite or ill will, or culpable recklessness or negligence".' (*Hoeppner* v. *Dunkirk Print. Co.,* 254 N. Y. 95, 106)." (*Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56, 61; see Sack, Libel, Slander and Related Problems, p 328 *et seq.*). Plaintiff has utterly failed to present such evidence of malice as would warrant submitting the matter to a jury. On the motion for summary judgment, plaintiff adduced no evidence to support the allegation in the complaint that defendant acted with malice, i.e., that defendant made the statements complained of in order to escape his obligations to the contractors. Plaintiff claimed that defendant had failed to pay Valley Kitchen; however, the source or sources of this information was not disclosed. Plaintiff did not corroborate his claim of falsity with, for example, an affidavit from Valley Kitchen asserting that it had received a certificate from plaintiff. In addition, the letters, while revealing some anger on the part of defendant, are not "so extravagant or so vituperative in * * * [their] character as to justify an inference of malice [citation omitted]" (*Mercedes-Benz of North Amer. v Finberg,* 58 AD2d 808, 809). Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.