■ BERNICE FRIEDMAN, Respondent, v M. ARISAN ERGIN, Appellant.

On July 8, 1983, plaintiff, a nurse and operating room supervisor at New York Downstate Medical Center (medical center), and defendant, a doctor, were involved in a discussion regarding the scheduling of an operation. It is uncontested that during their discussion, the plaintiff said to defendant "You are full of crap". Subsequently defendant wrote a letter to the nursing director of the medical center in which he recited the incident and disparaged the plaintiff. Copies were mailed to the chair-

man of the department of anesthesiology and to the chairman of the department of surgery at the medical center.

Since this communication was made by one person to others upon a subject in which they all had a common interest, the letter was cloaked with a qualified privilege (*Shapiro v Health Ins. Plan,* 7 NY2d 56; *Ashcroft v Hammond,* 197 NY 488). To overcome the defense of qualified privilege, it was necessary for plaintiff to make a showing that the defamatory statements were published with actual malice, which is defined as personal spite, ill will, or culpable recklessness or negligence (*Shapiro v Health Ins. Plan, supra,* p 61; *see also, Stillman v Ford,* 22 NY2d 48, 53). Although the existence of malice usually is a question of fact, the issue is one for the jury only if the plaintiff provides evidence warranting such submission (*see, Toker v Pollak,* 44 NY2d 211, 219; *Ashcroft v Hammond, supra,* pp 495-496; *Kadish v Dressner,* 86 AD2d 622). In order to render the statements actionable, plaintiff must show by evidentiary facts, not mere conclusory allegations, that the defendant was activated by express malice (*Shapiro v Health Ins. Plan, supra; Green v Kinsella,* 36 AD2d 677). Falsity is not sufficient for an inference of malice; generally, a showing consistent with a desire to injure the plaintiff is required (*Kadish v Dressner, supra*). Plaintiff has utterly failed to present such evidence of malice as would warrant submitting the matter to a jury. She does, in her affidavit, allege that defendant was aware that two weeks before the writing of the subject letter, she had reported at a hospital meeting that defendant had violated the hospital rules. However, it has been held that "[t]he existence of earlier disputes between the parties is not evidence of malice" (*Shapiro v Health Ins. Plan, supra,* p 64). At most, plaintiff has raised some suspicion as to the motive of defendant, "[b]ut suspicion, surmise, and accusation are not enough" (*Klein v Prial,* 32 AD2d 925, 926, *affd* 28 NY2d 506). In addition, the letter is not "so extravagant or so vituperative in its character as to justify an inference of malice" (*Mercedes-Benz of N. Am. v Finberg,* 58 AD2d 808, 809).

Because a qualified privilege exists and plaintiff has failed to present sufficient facts to support her allegation that defendant acted with malice, summary judgment for the defendant should have been granted. Lazer, J. P., Bracken, Rubin and Eiber, JJ., concur.