■ ALFRED T. LEE, Appellant, v GEORGE WEINSTEIN, Respondent, et al., Defendant.—In a defamation action, plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Lockman, J.), entered June 11, 1984, which granted defendant Weinstein's motion for summary judgment, denied plaintiff's cross motion to compel discovery, and dismissed his complaint, and (2) a judgment of the same court, entered July 5, 1984, thereon.

Appeal from the order dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment affirmed.

Defendant Weinstein is awarded one bill of costs.

As plaintiff concedes in his brief, the alleged libel was communicated by defendant Weinstein (upon a subject in which his client had a financial interest) to the custodian of his client's financial assets, and, as such, the communication is cloaked with a qualified common-interest privilege *(see, e.g., Friedman v Ergin,* 110 AD2d 620, *affd* 66 NY2d 645). To overcome this privilege, it was necessary for plaintiff to make an evidentiary showing that the alleged defamatory statements were written with actual malice, which is defined as personal spite, ill will or culpable recklessness or negligence *(see, e.g., Konowitz v Archway School,* 65 AD2d 752; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 61). As the one opposing a motion for summary judgment, plaintiff could only meet this burden by an evidentiary showing in admissible form sufficient to require a trial of material issues of fact on the issue of actual malice *(see, e.g., Dano v Royal Globe Ins. Co.,* 59 NY2d 827, 829). Proof of falsity alone is insufficient *(Kadish v Dressner,* 86 AD2d 622; *Friedman v Ergin, supra).* Nor are mere conclusory allegations or bald assertions of fact, absent documentary corroboration, sufficient to meet this burden *(see, e.g., Shapiro v Health Ins. Plan, supra; Kadish v Dressner, supra; Green v Kinsella,* 36 AD2d 677). Plaintiff utterly failed to provide evidentiary support for his claim of actual malice beyond such bald conclusory allegations. At most plaintiff has cast suspicion upon defendant Weinstein's motives but "suspicion, surmise and accusation are not enough" *(Klein v Prial,* 32 AD2d 925, 926, *affd* 28 NY2d 506). Nor was defendant Weinstein's letter "so extravagant or so vituperative in its character as to justify an inference of malice" *(Mercedes-Benz of N. Am. v Finberg,* 58 AD2d 808, 809; *see also, Vacca v General Elec. Credit Corp.,* 88 AD2d 740; *Green v Kinsella, supra).*

Plaintiff's cross motion did not raise more than a hypothetical hope that continued discovery would reveal the evidentiary support required. Consequently, Special Term did not err in denying plaintiff's cross motion *(see, e.g., Dano v Royal Globe Ins. Co., supra; Harris v Alcan Aluminum Corp.,* 91 AD2d 830, *affd* 58 NY2d 1036). Gibbons, J. P., Weinstein, Eiber and Kooper, JJ., concur.