■ LINDA D. MISEK-FALKOFF et al., Appellants, v NEAL M. KELLER, Respondent.—In an action to recover damages, *inter alia,* for defamation and intentional infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), entered April 1, 1988, which (1) granted that branch of the defendant's motion which was to dismiss the first and second causes of action pursuant to CPLR 3211 (a) (7), (2) granted that branch of the defendant's motion which was for summary judgment dismissing the third through the twelfth causes of action, and (3) denied the plaintiffs' cross motion for leave to serve an amended complaint.

Ordered that the order is modified by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the third through eleventh causes of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs, and the third through eleventh causes of action alleged in the complaint are reinstated.

This action arose out of a controversy between the plaintiff Linda Misek-Falkoff and the defendant, both of whom are employed by International Business Machines Corporation (hereinafter I.B.M.), which occurred on May 29, 1985, while they were working at the I.B.M. Thomas J. Watson Research Center in Yorktown Heights, New York. The defendant electronically recorded a memorandum of his version of the incident, alleging that the plaintiff had criminally assaulted him and stating that in his opinion she required psychiatric treatment, likening her to an emotionally disturbed child. On May 30, 1985, he electronically transmitted this memorandum to six other I.B.M. employees, including the plaintiff's manager and four of the defendant's superiors. The defendant made similar oral statements concerning the plaintiff to these employees and to the members of the Personnel Department who were investigating the incident. He also stated that he feared being "blown away" by the plaintiff and that the plaintiff had been involved in "incidents" with other people in the past. She thereafter commenced this action alleging that

the defendant's communications were defamatory and caused her to suffer severe mental anguish.

Since the communications were made by one person to several others, upon a subject in which they all, as coemployees, had a common interest, the communications were entitled to the protection of a qualified privilege *(Shapiro v Health Ins. Plan,* 7 NY2d 56; *Ashcroft v Hammond,* 197 NY 488). To overcome the defense of qualified privilege it was necessary for the plaintiff to make a showing that the defamatory statements were published with actual malice, which is defined as personal spite, ill will, or culpable recklessness or negligence *(Shapiro v Health Ins. Plan, supra,* at 61; *see also, Stillman v Ford,* 22 NY2d 48, 53). The existence of malice is usually a question of fact to be resolved by the jury where the plaintiff provides sufficient evidence raising a factual issue for submission to the jury *(see, Toker v Pollak,* 44 NY2d 211, 219; *Ashcroft v Hammond, supra,* at 495-496; *Kadish v Dressner,* 86 AD2d 622).

In this case, a triable issue of fact exists as to whether the defendant's statements were "so extravagant in [their] denunciations or so vituperative in [their] character as to justify an inference of malice" *(Ashcroft v Hammond, supra,* at 496; *see, Mercedes Benz v Finberg,* 58 AD2d 808, 809). Therefore it is properly a matter for the jury to decide whether the defendant's statements exceeded the scope of his qualified privilege.

The defendant also asserts, as an absolute defense, the truth of his allegations, and in support thereof relies upon the affidavit of the sole eyewitness to the incident which substantiates his version of the incident. However, we find that a determination of the truth of the allegedly defamatory communications depends upon the credibility of all concerned, which can only be resolved by the trier of fact.

Accordingly, the court erred in granting summary judgment dismissing the third through eleventh causes of action.

However, the first cause of action for the intentional infliction of emotional distress was properly dismissed for failure to state a cause of action since the conduct alleged cannot be said to exceed " 'all bounds usually tolerated by decent society' " *(see, Fischer v Maloney,* 43 NY2d 553, 557). Similarly, the second cause of action for slander was also properly dismissed as the plaintiff failed to show a direct pecuniary loss flowing from any injury to her reputation as a result of the alleged defamation *(see, Aronson v Wiersma,* 65 NY2d 592). Thompson, J. P., Lawrence, Balletta and Rosenblatt, JJ., concur.