Lisa **BOLDEN**, Plaintiff,

v.

**MORGAN STANLEY & CO., INCORPORATED, Elaine LaRoche and David Blair, Defendants.**

**No. 89 Civ. 8259 (WCC).**

United States District Court,
S.D. New York.

June 4, 1991.

Winston & Bonner, P.C., New York City, for plaintiff; Michael R. Winston, of counsel.

Epstein Becker & Green, P.C., New York City, for defendants; Carol S. Bernheim, Patricia A. Murphy, of counsel.

WILLIAM C. CONNER, District Judge:

Plaintiff Lisa Bolden, a citizen of New Jersey, brings this defamation action against defendant Morgan Stanley & Co., Inc. ("Morgan Stanley"), a Delaware corporation with its principal place of business in New York, and two of its employees, defendants Elaine LaRoche ("LaRoche") and David Blair ("Blair") for damages in the amount of $2,000,000. Defendant Morgan Stanley has interposed counterclaims based on fraud, conversion and breach of contract against plaintiff and seeks to recover monies it claims to have reimbursed plaintiff based on her allegedly falsified expense reports as well as salary paid to plaintiff during the relevant period. This Court has diversity jurisdiction pursuant, to 28 U.S.C. § 1332 and therefore New York law applies.

This action is presently before the Court on defendants' motion for summary judgment pursuant to Rule 56(c), Fed.R.Civ.P. and plaintiff's cross-motion for sanctions for alleged violations of Rule 11, Fed.R.Civ.P.

## BACKGROUND

Plaintiff served as an associate in the Municipal Finance Department at Morgan Stanley for nearly one year until her resignation on September 20, 1989.[1] Her annual salary at the commencement of her employment on September 26, 1988 was $50,000 plus an expected bonus of $25,000 per annum. Plaintiff claims to have resigned from Morgan Stanley as a result of a disagreement with her superiors over alleged discrepancies in her expense reports. The allegedly defamatory statements occurred in discussions of these perceived discrepancies. The employees of defendant Morgan Stanley who made the allegedly defamatory statements include defendant Elaine LaRoche, manager of the Municipal Finance Department, and defendant David Blair, manager of the Health Care Group where plaintiff was assigned to work from January 1989 until her departure from the company.

Plaintiff contends that on September 20, 1989, defendant LaRoche defamed her by communicating with plaintiff in the presence of defendant Blair and another Morgan Stanley employee about plaintiff's expense report of September 18, 1989 which defendants allege was falsified.[2] Plaintiff claims that defendant LaRoche accused her of submitting said report "[i]n a harsh, threatening and confrontational manner and without any justification or evidence...." Plaintiff's Memorandum, at 13. Plaintiff alleges that defendant LaRoche denied plaintiff an opportunity to respond to the allegations and conducted herself in a "malicious manner, clearly with the intent to embarrass, insult, degrade and humiliate plaintiff in front of [defendant] David Blair and Alex Foroglou [an employee of defendant Morgan Stanley] ... " Plaintiff's Memorandum, at 14.

Plaintiff claims that she was similarly defamed by defendant Blair during the course of his conversations with other employees of Morgan Stanley concerning the reasons for plaintiff's departure. Blair allegedly told other employees at Morgan Stanley that "... plaintiff had been fired for padding her expenses, defrauding the firm and lying." Plaintiff's claim against defendant Blair is based, in part, upon information acquired through a telephone

1. Defendants contend that plaintiff's employment was terminated on September 20, 1989 and that she did not resign her position. Defendants allege that defendant LaRoche asked for plaintiff's resignation three times during a meeting with plaintiff on September 20, 1989, and that after plaintiff refused to resign her position with the firm, her employment was terminated. Defendants' Memorandum, at 14–15.

2. Plaintiff pleads ignorance to the content of the September 18, 1989 expense report submitted by plaintiff's secretary on her behalf. Moreover, plaintiff contends that she was never reimbursed for the amount listed on the September 18, 1989 expense report, and that therefore, defendants' accusation that plaintiff defrauded the firm was baseless. Defendant Morgan Stanley contends that defendant LaRoche's statements to plaintiff, admittedly made in the presence of employees Alexandra Foroglou and defendant David Blair, were based upon a comprehensive audit of plaintiff's expense reports thereby providing adequate grounds for reprimand.

conversation plaintiff had with Michael Benedict, an office mate of plaintiff at the firm. Plaintiff's Memorandum, at 15–16.

Plaintiff is now employed by the United States Department of Housing and Urban Development ("HUD"). It is alleged that plaintiff received a job offer from HUD on the same day she left the firm at a salary commensurate with her earnings at Morgan Stanley.

## DISCUSSION

A. Defendants' motion for summary judgment.

### The Standard for Summary Judgment.

A party seeking summary judgment must demonstrate that "there is no genuine issue as to any material fact." Fed.R. Civ.P. 56(c); *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). It must establish that there is a "genuine issue for trial." *Id.* at 587, 106 S.Ct. at 1356. "In considering the motion, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight*, 804 F.2d at 11. The inquiry under a motion for summary judgment is thus the same as that under a motion for a directed verdict: "whether the evidence presents a sufficient disagree-ment to require submission to a jury or, whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

*Defendants' summary judgment motion.*

### Defendants' contentions.

The gravamen of defendants' summary judgment motion is that the alleged defamatory statements are qualifiedly privileged and, absent proof that defendants were actuated solely by malice, plaintiff's action must fail.[3] Defendants also argue that the veracity of their spoken words stands as an absolute defense to plaintiff's defamation claim and that absent any factual presentation to the contrary, summary judgment is in order.

■ The Court does not question the authority defendants cite to support the qualified privilege they assert, *Shapiro v. Health Ins. Plan of Greater New York*, 7 N.Y.2d 56, 163 N.E.2d 333, 194 N.Y.S.2d 509 (1959), nor does it disagree with the well-established principle that the truth stands as an absolute defense to a defamation claim. *Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 301 (2d Cir.1986), *cert denied*, 479 U.S. 1091, 107 S.Ct. 1303, 94 L.Ed.2d 158 (1987). As a matter of law, a qualified privilege is extended to defamatory statements made by one person to another upon a subject in which both have an interest. *Stillman v. Ford*, 22 N.Y.2d 48, 238 N.E.2d 304, 290 N.Y.S.2d 893 (1968). This "common interest" privilege, however, is not absolute. It may be overcome and defeated by a showing that the speaker's utterances were motivated by actual malice, meaning "personal spite or ill will, or culpable recklessness or negli-

---

**3.** In support of their claim of a qualified privilege, defendants assert that defendant Blair's communication with Mr. Benedict was of common business interest to both parties and was prompted by defendant Blair's belief that plaintiff's sudden and theretofore unexplained departure had caused Mr. Benedict to question the security of his own continued employment with the firm. Defendant explains that in order to "allay his [Mr. Benedict's] concerns," defendant Blair assured Mr. Benedict that plaintiff's departure was due to "performance problems relating to her noncompliance with expense policies." Defendants' Memorandum, at 16. Defendants further contend that defendant Blair's communications with other employees of the firm were similarly related to the employees' concern over the issues of job security and the adequacy of existing departmental staffing in light of plaintiff's departure.

gence." *Shapiro*, 7 N.Y.2d at 61, 163 N.E.2d at 336, 194 N.Y.S.2d at 513.

Defendants dismiss plaintiff's argument that defendants were actuated by malice as "mere conjecture [and] speculation" and argue that plaintiff's conclusory allegations should not prevent summary judgment here. Defendants' Memorandum, at 32. As to their invocation of a qualified privilege, defendants repeat their assertion that plaintiff's submissions to the Court to the contrary do not raise any genuine issues of fact for trial. As to the truthfulness of defendants' spoken remarks, defendants argue that plaintiff has not presented evidence sufficient to rebut the contention that defendants' statements characterizing plaintiff as a "cheat and a fraud" were factually true and their truth stands as a complete defense to plaintiff's claims, *see Guccione v. Hustler Magazine, Inc.*, 800 F.2d 298, 301 (2d Cir.1986), *cert denied*, 479 U.S. 1091, 107 S.Ct. 1303, 94 L.Ed.2d 158 (1987). Based upon the foregoing, defendants conclude that summary judgment is appropriate. The Court disagrees.

### Plaintiff's contentions.

On the issue of malice, plaintiff argues that defendant LaRoche's allegedly defamatory statements and defendant Blair's repetition thereof evidenced their "reckless disregard for the truth or falsity of [their] statements ..." and were "... spoken willfully and maliciously with [the] intent to damage plaintiff's good name ..." Complaint, ¶¶ 26, 30. In particular, plaintiff contends that the spirit and content of defendant LaRoche's remarks to plaintiff in

the company of other Morgan Stanley employees was part of defendants' concerted effort to coerce plaintiff to resign so that defendant Morgan Stanley could avoid the prospect of a discrimination suit in the event Morgan Stanley discharged plaintiff outright.[4] As an evidentiary matter, plaintiff brings the Court's attention to discussions she had with other Morgan Stanley employees which plaintiff contends put her on notice of defendant LaRoche's malevolence toward plaintiff and her supposed motivation for making the allegedly defamatory statements. Plaintiff's Memorandum, at 7.

Plaintiff further asserts that defendant LaRoche's actions were "so vituperative" in light of the small amount of the expenses in question that they justify an inference of defendants' malicious intent to damage plaintiff's reputation. *Mercedes–Benz of North America Inc. v. Finberg*, 58 A.D.2d 808, 809, 396 N.Y.S.2d 260 (1977); *see also Bose Corp. v. Consumers Union of United States, Inc.*, 692 F.2d 189, 196 (1st Cir.1982), *aff'd* 466 U.S. 485, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984).[5] Whether or not the totality of plaintiff's factual presentation justifies such an inference is a question that must be left for trial.

■ As to defendants' contention that their allegedly defamatory statements were true and that such veracity bars plaintiff's action, the Court is not convinced that all issues of fact have been resolved. Plaintiff's assertion that she did not intentionally submit falsified or duplicitous ex-

---

4. While no allegations of discrimination are alleged here, plaintiff argues that defendants' efforts to have plaintiff resign enabled them to avoid having to terminate plaintiff and thus face a subsequent lawsuit for discrimination on racial grounds. Plaintiff's Memorandum, at 6. It should be noted that plaintiff filed a discrimination charge and an amended charge with the Equal Employment Opportunity Commission (the "EEOC") against Morgan Stanley in November 1989 and January 1990 respectively, first claiming that she was discharged based on her race and later claiming that she was forced to resign based on her race. Defendants' Memorandum, at 15. The EEOC dismissed plaintiff's charge on the merits in April 1990 with a finding of no probable cause.

5. While refusing to impute actual malice in *Bose*, the Court of Appeals for the First Circuit addressed a legal point that is apposite here. The Court explained that

> A court typically will infer actual malice from objective facts.... [citations omitted] ... These facts should provide evidence of negligence, motive, and intent such that an accumulation of the evidence and appropriate inferences supports the existence of actual malice.

*Bose Corp. v. Consumers Union of United States, Inc.*, 692 F.2d at 196.

pense forms and that the relevant submissions were made by her secretary without her knowledge presents the Court with factual issues on the truthfulness of defendants' characterization of plaintiff's conduct as fraudulent. Because scienter is a necessary element of fraud, plaintiff's intent is an issue that must be left for trial. This case is distinguishable from *SEC v. Bonastia,* 614 F.2d 908, 913–14 (3d Cir. 1980) and *Rinaldi v. Holt, Rinehart & Winston, Inc.,* 42 N.Y.2d 369, 382, 366 N.E.2d 1299, 1306, 397 N.Y.S.2d 943, 951 (1977) in which the plaintiff's "general denial" of wrongdoing was deemed inadequate to create a triable issue of fact. Here, plaintiff has gone beyond "generally" denying defendants' accusations, and has made factual allegations which present the Court with factual issues which make summary judgment inappropriate.

■ While the aggregate of plaintiff's evidence may fail in the end to overcome the persuasiveness of defendants' assertion that no malevolence existed or that the veracity of defendants' remarks bars plaintiff's action, it is sufficient to stave off summary judgment here. Recognizing that summary judgment is given every consideration in defamation actions where the issue of free speech is implicated, *see Guitar v. Westinghouse Elec. Corp.,* 396 F.Supp. 1042, 1053 (S.D.N.Y.1975), *aff'd mem.,* 538 F.2d 309 (2d Cir.1976), the Court concludes that plaintiff raises a triable issue as to the existence of actual malice sufficient to defeat the claim of qualified privilege. *Stillman v. Ford,* 22 N.Y.2d at 50, 238 N.E.2d 304, 290 N.Y.S.2d 893.

B. Plaintiff's cross-motion for sanctions.

Plaintiff cross-moves for sanctions against defendants' attorneys for violating Rule 11 by filing a "frivolous" counterclaim and engaging in a series of acts to (a) delay the prosecution of plaintiff's defamation action, (b) harass plaintiff, and (c) cause her to incur unnecessary legal fees. Plaintiff's Memorandum, at 4. In addition to her contention that defendants' counterclaims are without "legal merit," plaintiff argues that the behavior of defendants'

attorneys in connection with plaintiff's discovery requests has been disruptive of plaintiff's prosecution of her claim and reprehensible to the point of warranting sanctions.

■ After carefully reviewing the parties' submissions on this issue, the Court concludes that defendants' counterclaims are not so objectively unreasonable as to support the imposition of Rule 11 sanctions. *See McMahon v. Shearson/American Express, Inc.,* 896 F.2d 17 (2nd Cir. 1990). Sanctions must be imposed on the signer of a paper if either (a) the paper is filed for an improper purpose, or (b) the paper is "frivolous." *See Zaldivar v. Los Angeles,* 780 F.2d 823, 832 (9th Cir.1986). The term "frivolous" describes a filing that is both baseless and made without a reasonable and competent inquiry.

Defendants' action here is not frivolous nor is it evident that defendants' counterclaims are pursued for an improper purpose. Rule 11 is not a license for the Court to sanction any action by an attorney or party with which it disagrees. *See F.H. Krear & Co. v. Nineteen Named Trustees,* 810 F.2d 1250, 1268 (2d Cir.1987). Defendants' counterclaims before this Court are not so clearly barred by the rule of law that the Court could conclude that defendants' counterclaims were interposed for any improper purpose such as to harass or to cause unnecessary delay. Moreover, the behavior of defendants' attorneys does not warrant the imposition of sanctions. Accordingly, plaintiff's motion for sanctions against defendants and their attorneys is denied.

## CONCLUSION

For the reasons stated above, defendants motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. is denied. Plaintiff's motion for sanctions pursuant to Rule 11, Fed.R.Civ.P. is also denied.