■ BARNET L. LIBERMAN, Appellant, v LEONARD GELSTEIN, Respondent.—Order, Supreme Court, New York County (David B. Saxe, J.), entered on or about September 5, 1990, which, *inter alia,* granted defendant's motion for summary judgment dismissing plaintiff's verified complaint in its entirety, affirmed, without costs.

Plaintiff, the landlord of premises on Hudson Street in Manhattan commenced this action against defendant, a board member of the tenants' association at the premises, with whom he has been engaged in an ongoing dispute for approximately 10 years, arising out of conversion of the premises to

cooperative ownership. The complaint was dismissed in its entirety on defendant's motion for summary judgment. Plaintiff now challenges dismissal of his second, third, and fifth causes of action, wherein he alleged that defendant uttered slanderous statements to the effect that plaintiff bribed a police officer (second cause of action), illegally diverted the tenants' electricity to his own use (third cause of action), and threatened to kill defendant's family (fifth cause of action).

The complained of statements are entitled to a qualified or conditional privilege, since they were made by defendant in the conduct of his own affairs, in a matter in which he was interested, and published to board and tenants' association members and others, with whom he shared a common interest. *(600 W. 115th St. Corp. v Von Gutfeld,* 169 AD2d 56.) To the extent these statements arose out of information provided defendant by named parties, it cannot be said the privilege was negated by malice or, under the circumstances presented, defendant's reckless disregard as to the truth or falsity. *(Supra.)*

The court below properly characterized as rhetorical hyperbole, not to be taken literally, the statement attributed to defendant in plaintiff's fifth cause of action *(Rand v New York Times Co.,* 75 AD2d 417). Concur—Carro, Asch and Kassal, JJ.

Sullivan, J. P., dissents in part in a memorandum as follows: I disagree with the majority only insofar as it affirms the dismissal of the second cause of action, which alleges that on one occasion defendant told Robert Kohler, another tenant in the building, that " '[t]here is a cop on the take' " from plaintiff and that the reason that " 'none of the building's cars ever get tickets' " is that plaintiff has " 'paid them off' ", giving them " 'a hundred or two hundred a week.' " The majority concludes that these statements (as well as others that are the subject of this appeal) are entitled to a qualified or conditional privilege. *(See, 600 W. 115th St. Corp. v Von Gutfeld,* 169 AD2d 56, 62-63.) While I am not entirely persuaded that the statements in question are entitled to a qualified privilege, such a privilege cannot, in any event, " 'shelter statements published with malice or with knowledge of their falsity or reckless disregard as to their truth or falsity' ". *(Supra,* at 63, quoting *Loughry v Lincoln First Bank,* 67 NY2d 369, 376.) Defendant testified at his deposition that he himself had no knowledge as to whether the charge that plaintiff had bribed the police was true. This is sufficient to create a triable issue as to whether defendant published the

alleged defamatory statements with reckless disregard as to their truth or falsity.

Defendant's argument that "asking someone to undertake an investigation is not making a statement of fact" is based on his account of the conversation, according to which he merely asked Kohler to find out from his friend at the precinct whether it was true, as defendant had been told, that plaintiff was "possibly paying off police not to get tickets on his cars." Plaintiff offers a contradictory account, supported by Kohler's affidavit, which, tracking the language in the complaint, states that defendant asked Kohler whether he could " 'find out from [his] friend at the precinct which cop is on the take from Liberman' " and, when Kohler asked defendant what he meant, defendant responded, " 'There is a cop on the take from Liberman. That's why none of the building's cars ever get tickets—they can park anywhere because Liberman's paid them off. He gives them a hundred or two hundred a week.' "

In view of defendant's admission that he had no knowledge as to whether the bribery charge against plaintiff was true, it is clear that if the fact finder accepts plaintiff's version of the conversation between defendant and Kohler, it would have found that defendant did not merely ask someone to undertake an investigation. Rather, it would have found that defendant made a statement of fact which may be unprotected by any qualified or conditional privilege. Accordingly, I would modify the order, deny summary judgment dismissing the second cause of action and reinstate that cause of action.