■ J. BILLY WRIGHT, Appellant, v HELENA JOHNSON, Respondent.—Order, Supreme Court, New York County (Elliott Wilk, J.), entered September 23, 1991, which, in an action for defamation, granted defendant's motion for summary judgment, unanimously affirmed, with costs.

The action involves statements by a shareholder in a City-sponsored residential cooperative corporation at a meeting of shareholders to the effect that plaintiff, the corporation's president, was not diligent in paying certain taxes. Assuming the statements in issue were assertions of fact and not mere opinion, and assuming further that they were not true, they are protected by a qualified "common-interest" privilege *(see, Liberman v Gelstein,* 178 AD2d 215), which, in order to overcome, requires a showing that the statements were published with personal spite, ill will, or culpable recklessness or negligence *(D'Avino v Trachtenburg,* 149 AD2d 401, 403, *lv denied* 74 NY2d 611). We agree with the IAS court that plaintiff's conclusory assertions of malice failed to raise a genuine issue of fact in this regard *(supra; see also, Friedman v Ergin,* 110 AD2d 620, 621, *affd* 66 NY2d 645). Concur—Murphy, P. J., Carro, Milonas, Wallach and Smith, JJ.

■ CONNIE CORBIN, Respondent, v WOOD PRO INSTALLERS INC. et al., Appellants.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered July 11, 1991, which, upon reargument, adhered to the prior order of the same court denying defendants' motion pursuant to CPLR 3215 (c) to dismiss the action as abandoned, unanimously affirmed, with costs.

The motion was properly denied, plaintiff having submitted sufficient evidence to demonstrate a meritorious cause of action, and defendants having failed to demonstrate prejudice attributable to the delay *(Byk-Chemie GmbH v Efka Chems.,* 161 AD2d 196). Despite plaintiff's revocation of the "open" stipulation allowing defendants an indefinite extension of time to answer, plaintiff's attorney's contact with defendants' insurer, while not the equivalent of on-going negotiations, was such as to indicate that plaintiff did not intend to abandon the action *(Hinds v 2461 Realty Corp.,* 169 AD2d 629, 632). Concur —Murphy, P. J., Carro, Milonas, Wallach and Smith, JJ.