■ GREGORY L. WILLIAMS et al., Appellants, v PAUL TRITSCHLER et al., Respondents.—In an action to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Kutner, J.), entered May 17, 1990, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In February 1987 the plaintiffs, as well as defendant Paul Tritschler, were employed by the defendant UNISYS. According to the plaintiffs' complaint, Mr. Tritschler "acted in a grossly irresponsible manner" when, in a report made to another agent of UNISYS, he drew up an inventory of certain property which had been removed from a certain van. According to the plaintiffs, the implication to be drawn from this report was that the plaintiffs had taken the inventoried property without permission. In his affidavit in support of the defendants' motion for summary judgment, Mr. Tritschler admitted that he had participated in the compilation of the inventory of the items removed from the van, and asserted that his reason for doing so was "to carry out [his] duty as a security officer and report the facts". He averred that he "harbor[ed] no ill-will, spite, or malice against the plaintiffs". We agree with the Supreme Court that, under these circumstances, summary judgment is warranted in favor of the defendants.

The defendants submitted evidentiary proof in admissible form sufficient to establish that the statements made by Mr. Tritschler to UNISYS were made without malice, in good faith, in relation to a matter of legitimate interest both to Mr. Tritschler and to UNISYS, and in pursuance to Mr. Tritschler's duties as a security officer. Thus, the defendants proved all of the elements necessary to establish a qualified privilege based on their common interest in the substance of the allegedly defamatory statements, and, accordingly, demonstrated entitlement to judgment in their favor as a matter of law (see generally, Loewinthan v Beth David Hosp., 290 NY 188; Misek-Falkoff v Keller, 153 AD2d 841, 842; Kaplan v MacNamara, 116 AD2d 626, 627; Friedman v Ergin, 110 AD2d 620, 621, affd 66 NY2d 645; 44 NY Jur 2d, Defamation and Privacy, § 77). The plaintiffs, in opposition to the defendants' motion, submitted an attorney's affirmation which was devoid of evidentiary proof and they thus failed to meet their burden of demonstrating the existence of an issue of fact requiring a trial (see generally, Garson v Hendlin, 141 AD2d 55; Lee v Weinstein, 116 AD2d 700; Kadish v Dressner, 86 AD2d 622; 44 NY Jur 2d, Defamation and Privacy, § 172). Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.