■ ROBERT BARDEY, Respondent, v HARLEY BROOKE-HITCHING, Appellant. [595 NYS2d 4] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 13, 1992, which denied defendant's motion for summary judgment dismissing the complaint and plaintiff's cross motion for sanctions, unanimously affirmed, without costs.

Where, as here, there is no dispute as to the facts, it is for the court, not the jury, to decide whether a qualified privilege exists *(O'Neil v Peekskill Faculty Assn.,* 120 AD2d 36, 42, *lv dismissed* 69 NY2d 984), and we find that one does. As such, it is incumbent upon plaintiff to demonstrate malice *(see, Liberman v Gelstein,* 80 NY2d 429; *Wright v Johnson,* 184 AD2d 234), mere conclusory assertions being insufficient for that purpose *(supra; Roth v Beth Israel Med. Ctr.,* 180 AD2d 434, 435).* Contrary to the dictum in the IAS Court's decision, a triable issue of fact exists as to whether defendant's statements were " 'so extravagant in [their] denunciations or so vituperative in [their] character as to justify an inference of malice' " *(Misek-Falkoff v Keller,* 153 AD2d 841, 842, quoting *Ashcroft v Hammond,* 197 NY 488, 496). Thus, whether defendant's statements exceeded the scope of her qualified privilege is a matter for the jury.

We have considered the parties' other points, including the denial of plaintiff's cross motion for sanctions, and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger and Kupferman, JJ.