■ VICTOR BROWN, Appellant, v ALBANY CITIZENS COUNCIL ON ALCOHOLISM, INC., et al., Respondents. [605 NYS2d 577] — Mercure, J. P. Appeal from an order and judgment of the Supreme Court (Williams, J.), entered July 8, 1992 in Albany County, which granted defendants' motion, in a combined action and proceeding pursuant to CPLR article 78, to dismiss the amended complaint for, *inter alia,* failure to state a cause of action.

On January 29, 1990, plaintiff was discharged from his employment with defendant Albany Citizens Council on Alcoholism, Inc. (hereinafter the council), following charges of misconduct, gross mismanagement of funds, insubordination and placing the council's mission at risk. Plaintiff subsequently commenced this combined action and proceeding against the council, defendant Sarah Hall, the council's executive director, and defendant Charlotte Gray, a director, member of the executive committee and co-chair of the personnel committee of the council. As relevant to this appeal, the amended complaint alleges defamation causes of action against Gray and Hall as the result of statements made at January 17, 1990 and January 26, 1990 council meetings (fourth, fifth and sixth causes of action) and a claim that the council, a not-for-profit corporation, discharged plaintiff in contravention of lawful procedure established in the council's personnel manual and bylaws (thirteenth cause of action). Plaintiff appeals Supreme Court's order granting defendants' motion to dismiss, *inter alia,* those causes of action pursuant to CPLR 3211 (a) (7) and (11).

We shall first consider the defamation causes of action pleaded in the amended complaint. The fourth cause of action alleges in pertinent part that at a January 17, 1990 special meeting of the council, Gray "accused [plaintiff] of 'mismanagement of funds' and recommended that '[the council] consider possible disciplinary action against [plaintiff] for mismanagement of funds' ". The fifth cause of action alleges in

pertinent part that, at a January 26, 1990 meeting of the council personnel committee, Gray stated, "I am very concerned about fraudulent financial reports being submitted to the State and County by [plaintiff]." The sixth cause of action alleges in pertinent part that, at the same January 26, 1990 meeting, Hall stated, "I recommend [plaintiff's] termination immediately for cause based upon demonstrated inadequate financial skills and misconduct." In each case, the amended complaint alleges that the statement was false, was known by the speaker to be false, was made with actual malice toward plaintiff and was made with intent to cause the resulting harm, i.e., damage to plaintiff's reputation and good name and the loss of his employment.

A threshold issue concerning all three defamation causes of action is whether, as a matter of law, the statements constitute pure opinion, which is not actionable *(see, Steinhilber v Alphonse,* 68 NY2d 283, 289), or statements of fact or of mixed fact and opinion, which are actionable *(supra,* at 289). "A 'pure opinion' is a statement of opinion which is accompanied by a recitation of the facts upon which it is based" *(supra,* at 289) or, if unaccompanied by a factual recitation, one not implying that it is based upon undisclosed facts *(see, Parks v Steinbrenner,* 131 AD2d 60, 62-63). In contrast, mixed opinion "implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it" *(Steinhilber v Alphonse, supra,* at 289). "The actionable element of a 'mixed opinion' is not the false opinion itself—it is the implication that the speaker knows certain facts, unknown to [her] audience, which support [her] opinion and are detrimental to the person about whom [s]he is speaking" *(supra,* at 290). Although the distinction between pure opinion and mixed opinion is not always clear, it is our legal conclusion that each of the statements alleged in the fourth, fifth and sixth causes of action, considered in the context of the entire communication and the circumstances under which it was made *(see, supra; Aronson v Wiersma,* 65 NY2d 592, 593-594), as garnered from the amended complaint and evidence submitted on the motion, constitutes mixed opinion. Clearly, the persons present at the January 17, 1990 and January 26, 1990 meetings had reason to believe that Hall, who, as executive director, had investigated the charges against plaintiff, and Gray, co-chair of the personnel committee and a close ally of Hall, possessed information to support the accusations made against plaintiff.

The next inquiry is whether the statements were privileged. Because Gray was an uncompensated director of a not-for-

profit corporation, the causes of action against her are subject to dismissal unless plaintiff meets his burden of coming forward with proof showing a reasonable probability that Gray's conduct constituted gross negligence or was intended to cause the resulting harm (CPLR 3211 [a] [11]; Not-for-Profit Corporation Law § 720-a; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:34a, at 50). Similarly, as executive director of the council, Hall was arguably a person with a duty to communicate her assessment of plaintiff's performance to the council's members and directors, people sharing a common interest in seeing the council's mission fulfilled. As such, Hall's communications are not actionable unless shown to have been published with actual malice, i.e., with spite or ill will or with a reckless disregard for their truth or falsity *(see, Liberman v Gelstein,* 80 NY2d 429, 437-438; *Rabideau v Albany Med. Ctr. Hosp.,* 195 AD2d 923, 925; *Misek-Falkoff v Keller,* 153 AD2d 841, 842).

In our view, plaintiff made a sufficient factual showing in opposition to the motion to avoid dismissal of all three of the defamation causes of action. The affidavit of Sandra Koss, a director of the council, demonstrates that Hall presented "slanted documents" to deliberately give those present at the January 26, 1990 meeting the impression that plaintiff was guilty of some sort of misconduct and she did so at a time when plaintiff was not present to defend himself. This affidavit and the allegations of the complaint provide an adequate evidentiary basis for plaintiff's claim of malice and overcome any qualified privilege that Hall may enjoy *(cf., Bardey v Brooke-Hitching,* 191 AD2d 243; *Hollander v Cayton,* 145 AD2d 605, 606). As for Gray, plaintiff has made an adequate evidentiary showing that she made accusations of mismanagement of funds and fraudulent conduct without conducting any investigation, presenting any proof or informing those present at the meetings of the basis for her accusations, thereby sufficiently demonstrating gross negligence and an intent to cause plaintiff's termination.

Finally, we agree with the council that plaintiff failed to support the thirteenth cause of action, seeking relief pursuant to CPLR article 78, with evidence that the purported personnel manual, which is not set forth in the record, constitutes the council policy as to employment *(cf., Matter of Sines v Opportunities for Broome,* 156 AD2d 878, 879).

Mahoney and Casey, JJ., concur; Cardona, J., not taking part.

White, J. (concurring in part and dissenting in part). I

concur with the majority that plaintiff's sixth cause of action is sufficient when measured by the standards applicable to a motion to dismiss for failure to state a cause of action *(see, Mihlovan v Grozavu,* 72 NY2d 506; *Silsdorf v Levine,* 59 NY2d 8, *cert denied* 464 US 831).

I respectfully dissent from that portion of the majority's determination sustaining the fourth and fifth causes of action. To meet the burden of establishing "reasonable probability that the specific conduct of such defendant alleged constitutes gross negligence or was intended to cause the resulting harm" that is imposed by CPLR 3211 (a) (11), plaintiff submitted affidavits from several individuals who were involved with defendant Albany Citizens Council on Alcoholism Inc. (hereinafter the council). They averred that it was their "impression" or "belief" that defendant Charlotte Gray harbored personal animosity toward plaintiff, that she spoke of the possibility of bringing criminal charges against plaintiff and carried a copy of the Penal Law to council meetings, and that they "believed" that she voted for termination without conducting an investigation of the charges. Notably absent from plaintiff's response to the motion is any factual proof showing that Gray's accusations against him were false or that she disseminated them to the public.

In my view plaintiff's conclusory averments fall far short of satisfying his burden *(see, Liberman v Gelstein,* 80 NY2d 429, 439; *Rabideau v Albany Med. Ctr. Hosp.,* 195 AD2d 923; *Bardey v Brooke-Hitching,* 191 AD2d 243; *McGovern v Hayes,* 135 AD2d 125, *lv denied* 72 NY2d 803). To conclude otherwise contravenes the purpose of Not-for-Profit Corporation Law § 720-a, which was enacted specifically to shield those who serve without pay as directors, officers and trustees of not-for-profit agencies from lawsuits (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:34a, at 48-49). Accordingly, I would affirm Supreme Court's dismissal of these causes of actions.

Ordered that the order and judgment is modified, on the law, with costs, by reversing so much thereof as dismissed those portions of the fourth and fifth causes of action as alleged defamation against defendant Charlotte Gray and that portion of the sixth cause of action as alleged defamation against defendant Sarah Hall; motion to dismiss the amended complaint denied to that extent; and, as so modified, affirmed.