■ MICHAEL A. KRAUSS, Appellant, v GLOBE INTERNATIONAL, INC., et al., Respondents. [674 NYS2d 662] —Order, Supreme Court, New York County (Carol Arber, J.), entered on or about September 16, 1996, which denied plaintiff's motion for summary judgment and granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendants' motion and reinstate the complaint, and otherwise affirmed, with costs.

This action for libel is brought by plaintiff, who is the ex-husband of television celebrity Joan Lunden, to recover for damages allegedly caused when defendants published a lurid story in a supermarket tabloid known as The Globe regarding plaintiff's supposed liaison with a prostitute while he and his wife were separated, prior to their divorce. Plaintiff vigorously denies the truth of the story.

Defendants moved for summary judgment on the ground that there was no question of fact that plaintiff was a public figure and the article was published without malice and on the alternative ground that the article was on a topic that was in the legitimate sphere of public concern and was not published with gross irresponsibility. Plaintiff cross-moved for summary judgment based on his contention that there were no questions of fact that the article was false, defamatory and published with malice.

The IAS Court denied plaintiff's motion and granted defendants' motion for summary judgment dismissing the complaint, based on its finding that plaintiff is a public figure and that the article was not published with malice. We find that summary judgment dismissing the complaint was improperly granted on the record before us.

It is now well established that a public figure who sues for libel must show that the allegedly libelous material was

published with " 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not" (*New York Times Co. v Sullivan*, 376 US 254, 280; *see also*, *Gertz v Robert Welch, Inc.*, 418 US 323, 352).

The threshold question in this matter is thus whether the evidence before the motion court establishes whether plaintiff was actually a public figure at the time the article was published. Since the facts concerning this issue are not in dispute and are sufficiently set forth in the papers, the public-figure determination should properly be made by the court (*see*, *O'Neil v Peekskill Faculty Assn.*, 120 AD2d 36, *lv dismissed* 69 NY2d 984; *cf.*, *Maule v NYM Corp.*, 54 NY2d 880, 881-882), placing the burden of proof on the defendant (*Fairley v Peekskill Star Corp.*, 83 AD2d 294, 298). Contrary to the motion court, we find that the legal conclusion compelled by the facts before it is that plaintiff was not a public figure.

Initially, the record clearly fails to demonstrate that plaintiff, who is a television producer, was a "general public figure" for the purposes of libel law, i.e., one who has obtained "general fame or notoriety in the community, and pervasive involvement in the affairs of society" (*Gertz v Robert Welch, Inc.*, *supra*, 418 US, at 352). Plaintiff was not famous in his own right, and his marriage to Ms. Lunden certainly did not bestow upon him the sort of fame that is necessary to be considered a general public figure. Indeed, the very article at issue did not call plaintiff by name in the headline or anywhere on the front page, identifying him only as Ms. Lunden's husband.

Nor do we find that the record demonstrates that plaintiff was a limited public figure regarding the subject matter of the story. A person is considered a limited public figure regarding a particular issue or subject when he or she voluntarily injects him or herself into a public controversy with a view toward influencing it (*Gertz v Robert Welch, Inc.*, *supra*, at 351; *Samuels v Berger*, 191 AD2d 627, 630). Significantly, in order to be considered a public controversy for this purpose, the subject matter must be more than simply newsworthy (*Silvester v American Broadcasting Cos.*, 839 F2d 1491, 1494, quoting *Wolston v Reader's Digest Assn.*, 443 US 157, 167 [" 'The private individual is not automatically transformed into a public figure just by becoming involved in or associated with a matter that attracts public attention' "]). Instead, " 'it must be a real dispute, the outcome of which affects the general public or some segment of it in an appreciable way' " (*Foretich v Capital Cities/ABC*, 37 F3d 1541, 1554; *see also*, *Arrigoni v Velella*, 110 AD2d 601). Specifically, a divorce that is no more than "a

private matter of public concern merely to gossips" (*Lorain Journal Co. v Milkovich*, 474 US 953, 964, n 9 [Brennan, J., dissenting]) is not a public controversy requiring a limited-purpose public-figure analysis (*Time, Inc. v Firestone*, 424 US 448).

Here, defendants have set forth no viable rationale that would transform the subject matter of their article from mere gossip to public controversy. Their strained attempt to portray plaintiff as having used his wife's fame as a platform from which to argue in favor of family values and his views on child rearing and their attempt to argue from that portrayal that his alleged tryst was relevant to a public controversy are simply not borne out. At most, during the course of their marriage, plaintiff used his efforts as producer and ghostwriter to obtain publicity for his wife's career as a television personality, including publicity about her life as wife and mother. However, there is no basis to find that he ever sought, or achieved, a meaningful level of public attention for himself (*cf., Wynberg v National Enquirer*, 564 F Supp 924, 929). Instead, the record demonstrates the fundamental reality that plaintiff's divorce, and the related question of whether he was faithful to his wife during their marriage, was of interest to readers of defendants' publication because plaintiff's wife was a television celebrity, and not because of plaintiff's attitudes on family values or child rearing.

Since the evidence does not demonstrate that plaintiff is a public figure, either general or limited, we need not reach the issue of whether plaintiff has set forth adequate evidence to demonstrate malice.

We also reject defendants' argument that they were entitled to summary judgment on the alternative ground that, even if plaintiff did not himself attain the status of a public figure, general or limited, the record demonstrates as a matter of law that the subject matter of the story was "arguably within the sphere of legitimate public concern, which is reasonably related to matters warranting public exposition" (*Chapadeau v Utica Observer-Dispatch*, 38 NY2d 196, 199). Under the law of this State, one who publishes a story on such a topic, even though it does not deal with a public figure, will not be held liable unless he or she acted with gross irresponsibility (*see, Gaeta v New York News*, 62 NY2d 340, 345; *Chapadeau v Utica Observer-Dispatch, supra*), and, defendants contend, the record demonstrates as a matter of law that they did not violate that standard of care.

However, in this matter, the same considerations that

entered into our determination that plaintiff's sex life is not, in and of itself, a public controversy for the purposes of a limited-public-figure analysis also require a determination as a matter of law that the story cannot be considered to be within the sphere of legitimate public concern (*see, Fitzpatrick v Milky Way Prods.*, 537 F Supp 165, 167).

For these reasons, we find that neither plaintiff's status nor the subject matter of the story diminished the standard of care owed by defendants to plaintiff. Therefore, in order to prevail, plaintiff need show only that defendants were negligent in publishing the story (*see, Gaeta v New York News*, 95 AD2d 315, *revd on other grounds* 62 NY2d 340, *supra*). Since there is no question that, once this standard is applied, the evidence set forth by the parties on this motion demonstrates that questions of fact exist as to whether defendants were negligent, defendants', as well as plaintiff's, motion must be denied. Concur—Ellerin, J. P., Rubin, Williams and Andrias, JJ.