■ MICHAEL F. ARMSTRONG, Appellant, v SIMON & SCHUSTER, INC., et al., Respondents. [721 NYS2d 340] —Judgment, Supreme Court, New York County (Barry Cozier, J.), entered October 18, 1999, which, upon the prior grant of defendants' motion for summary judgment, dismissed the complaint, unanimously affirmed, without costs.

Plaintiff, a well-known criminal defense attorney who has held a series of public appointments and represented a variety of high-profile individuals, has not hesitated to seek media attention, and did so repeatedly to influence public opinion in connection with his representation of an individual embroiled in a highly publicized insider trading prosecution, which prose-

cution was a principal subject of the book in which the allegedly libelous passage about plaintiff was published by defendants. Plaintiff was thus properly found by the motion court to be a limited public figure for purposes of this litigation (see, Gertz v Robert Welch, Inc., 418 US 323, 345; James v Gannett Co., 40 NY2d 415, 421-422; Krauss v Globe Intl., 251 AD2d 191, 192). Given his limited public figure status, plaintiff was required to prove by clear and convincing evidence that the complained of passage in defendants' book, in addition to being substantially false and defamatory, was published with actual malice, i.e., with "knowledge that it was false or with reckless disregard of whether it was false or not" (see, New York Times Co. v Sullivan, 376 US 254, 280; Freeman v Johnston, 84 NY2d 52, 57, cert denied 513 US 1016; Khan v New York Times Co., 269 AD2d 74, 77-79). Since plaintiff failed to raise any triable issue as to whether the allegedly libelous passage was, in fact, published with actual malice, defendants' motion for summary judgment dismissing the complaint was properly granted.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J. P., Ellerin, Wallach, Rubin and Saxe, JJ.