■ LIJO PANGHAT, M.D., Appellant, v NEW YORK DOWNTOWN HOSPITAL, Respondent. [925 NYS2d 445]—

Appeal from order, Supreme Court, New York County (Milton A. Tingling, J.), entered June 18, 2010, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, deemed to be an appeal from judgment, same court and Justice, entered June 29, 2010, dismissing the complaint, and as so considered, unanimously affirmed, without costs. Appeal from order, entered June 30, 2010, unanimously dismissed, without costs, as abandoned.

The motion court properly granted the motion to dismiss the complaint, which attempted to set forth a cause of action for defamation. To the extent plaintiff complains about statements made by his supervisors regarding his Internal Medicine In-Training Examination (IM-ITE) score, plaintiff does not contest that he received a very low score on that exam, and thus the truth or substantial truth of the statements is a complete defense to the claim of defamation (Fairley v Peekskill Star

*Corp.*, 83 AD2d 294, 297 [1981]; *see also American Preferred Prescription v Health Mgt.*, 252 AD2d 414, 420-421 [1998]).

To the extent plaintiff attempts to plead a claim for "breach of confidentiality" for the failure to keep his IM-ITE score entirely confidential, he has not suggested any basis in common law or statute, or even by contract, which would prohibit his supervisors from discussing the score internally in connection with his employment review. Accordingly, that cause of action also fails.

Any other statements regarding plaintiff's poor performance made by his supervisors in the context of an internal employment review, were opinions and thus are not actionable (*see Ott v Automatic Connector*, 193 AD2d 657, 658 [1993]). In addition, those statements are protected by the common interest privilege (*see Dillon v City of New York*, 261 AD2d 34, 40 [1999]). Plaintiff merely asserted in conclusory fashion that the statements at issue were made with malice, which is insufficient to overcome the privilege (*see Hollander v Cayton*, 145 AD2d 605, 606 [1988]).

Defendant's statements to the New York State Division of Human Rights in response to plaintiff's having filed a human rights complaint were also privileged pursuant to the judicial proceeding privilege and are not actionable (*see Casa de Meadows Inc. [Cayman Is.] v Zaman*, 76 AD3d 917, 920 [2010]; *see also Andrews v Hansford Mfg. Corp.*, 2002 NY Slip Op 50032[U], *3 [Sup Ct, Monroe County 2002]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Tom, Friedman, Catterson and Richter, JJ.