EVELYN KONRAD, Appellant, v WILLIAM BROWN, Respondent. [937 NYS2d 190]—

The motion court correctly found that defendant's allegedly defamatory statements in his letter to the editor were either not susceptible to a defamatory meaning, true or substantially true or pure opinion. The assertion that plaintiff had made a false statement before an administrative tribunal was substantially true, as shown by the video and transcript of the hearing; this was a complete defense (*see Panghat v New York Downtown Hosp.*, 85 AD3d 473 [2011]). Considered as a whole, in context and based on its tone and apparent purpose (*see Sandals Resorts Intl. Ltd. v Google, Inc.*, 86 AD3d 32, 42 [2011]) as well as the lack of any implication that it was based on undisclosed facts in light of defendant's reference to the videotape and transcript (*see Steinhilber v Alphonse*, 68 NY2d 283, 289 [1986]; *Guerrero v Carva*, 10 AD3d 105, 112 [2004]), it was also pure opinion. Defendant's assertion that plaintiff had made a false statement in a CPLR article 78 proceeding was both substantially true and his opinion of the news article reporting such conduct. The assertion that plaintiff, an attorney, had been discharged by a client, was true, as supported by the transcript of plaintiff's quantum meruit fee request wherein she stated that she had been discharged, and, in any event, was not susceptible of a defamatory meaning because defendant did not mention any reason for the discharge.

The court's alternative ground for dismissal, that plaintiff failed to show malice, was also appropriate, as plaintiff was a limited public figure (*see Huggins v Moore*, 94 NY2d 296, 301-302 [1999]) and defendant's statements were based on documents or articles he had read and thus were not made with knowledge of their falsity or reckless disregard of whether or not they were true (*see Kipper v NYP Holdings Co., Inc.*, 12 NY3d 348, 353-354 [2009]). Nor did plaintiff show that defendant's statements were actuated by ill will (*see id.* at 354 n 4), her conclusory assertions to that effect notwithstanding.

Although the court correctly determined that plaintiff failed to justify her failure to submit her purported new evidence in opposition to defendant's motion, and that such evidence would not have warranted a different outcome, the court granted renewal and adhered to its initial determination. Accordingly, we need not disturb that result.

We have considered plaintiff's other contentions and find them unavailing. Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.