Plaintiff asserts that defendants defamed him by stating, in front of a potential subtenant, that plaintiff had been evicted and had no right to sublet the property, which was owned by defendants and had been leased to plaintiff. The documentary evidence established, however, that, prior to the alleged statements being made, plaintiff had assigned his rights in the leasehold to Nicolena’s B and B II, Inc., a corporate entity run by plaintiff. The documentary evidence further showed that *515 Nicolena’s had assigned its rights in the leasehold to an unrelated third party. Thus, it is that third party, and not plaintiff, who owns the leasehold, and plaintiff lacked capacity to bring a suit arising out of the same (see Old Clinton Corp. v 502 Old Country Rd., 5 AD3d 363, 364 [2d Dept 2004]). Plaintiff could also not be defamed by a statement when the net effect of that statement was, in fact, true (see Konrad v Broum, 91 AD3d 545 [1st Dept 2012], lv denied 19 NY3d 804 [2012]).
We have considered plaintiffs remaining contentions and find them unavailing. Concur — Tom, J.P., Sweeny, Moskowitz, Renwick and Clark, JJ.