Order, Supreme Court, New York County (Louis B. York, J.), *515 entered November 9, 2011, which granted defendant Richard Jefferys’ motion for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.
Supreme Court properly determined that plaintiff was a limited public figure because, through her publication of countless articles, she voluntarily injected herself into the controversial debate on whether HIV causes AIDS with a view toward influencing the debate (see Krauss v Globe Intl., 251 AD2d 191, 192 [1st Dept 1998]), and “projected] [her] name and personality before . . . readers of nationally distributed magazines . . . to establish [her] reputation as a leading authority” in this area (Maule v NYM Corp., 54 NY2d 880, 882-883 [1981]). The court also properly concluded that the subjects of HIV/AIDS, plaintiff s journalism, and her receipt of an award for her journalism fell “within the sphere of legitimate public concern” (Chapadeau v Utica Observer-Dispatch, 38 NY2d 196, 199 [1975]). Indeed, the record established that plaintiff was a contentious figure within the traditional HIV/AIDS community.
Jefferys met his burden of demonstrating that plaintiff could not show by clear and convincing evidence that he made the challenged statements with actual malice or with gross irresponsibility (see Huggins v Moore, 94 NY2d 296 [1999]; Chapadeau v Utica Observer-Dispatch, 38 NY2d 196 [1975], supra). The record was devoid of evidence that Jefferys acted with knowledge that his statements were false or with reckless disregard for the truth, or that he did not follow the standards of information gathering employed by reasonable persons. Jefferys sufficiently explained that his statement about plaintiffs journalism was based on his expertise and research on HIV/ AIDS for many years, on an article signed by prominent experts in the field, as well as on the many articles in the record which critiqued plaintiffs 2006 article as being filled with misquotes or misrepresentations. Jefferys also provided documentation to support why he believed what he wrote about the plaintiff was true and compared in detail plaintiffs journalism to the articles and studies she cited and explained why he believed her work to contain misrepresentations.
In opposition, plaintiff failed to raise a triable issue of fact. Her effort to establish that her work does not contain misquotes or misrepresentations is immaterial because even if plaintiff were correct about her work, she can point to no evidence that would establish actual malice or gross irresponsibility (Mahoney v Adirondack Publ. Co., 71 NY2d 31, 39 [1987] [“(falsity and actual malice are distinct concepts”]). Similarly, plaintiff’s assertion that Jefferys was biased against her or bore her ill will *516 does not aid her cause (see Harte-Hanks Communications, Inc. v Connaughton, 491 US 657, 666 [1989]). Moreover, there is no reason to offer less protection to the contested statement because it was made via an Internet communication (see Sandals Resorts Intl. Ltd. v Google, Inc., 86 AD3d 32, 43-44 [1st Dept 2011]).
Supreme Court was also correct in finding that the use of the word “liar” in the contested statement was not actionable (see Ram v Moritt, 205 AD2d 516 [2d Dept 1994]; see also Steinhilber v Alphonse, 68 NY2d 283, 294 [1986]). The full content of the statement, including its tone and apparent purpose, and the broader context of the statement and surrounding circumstances leads to the conclusion that what was being read was “likely to be opinion, not fact” (see Thomas H. v Paul B., 18 NY3d 580, 584 [2012] [internal quotation marks omitted]; see Immuno AG. v Moor-Jankowski, 77 NY2d 235, 254 [1991], cert denied 500 US 954 [1991]).
Supreme Court appropriately resolved the case through summary judgment because the issues can be determined by the objective proof in the record (see Kipper v NYP Holdings Co., Inc., 12 NY3d 348, 354 [2009]; Karaduman v Newsday, Inc., 51 NY2d 531, 545 [1980]), and no additional discovery was necessary or warranted to resolve the motion.
We have considered plaintiffs remaining contentions and find them unavailing. Concur—Tom, J.P., Moskowitz, Richter, Manzanet-Daniels and Clark, JJ. [Prior Case History: 33 Misc 3d 1218(A), 2011 NY Slip Op 51966(U).]