*411 Order, Supreme Court, New York County (Ellen M. Coin, J.), entered December 17, 2012, which, in this action alleging, inter alia, libel, granted defendants’ motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff Russian American Foundation, Inc. (RAF) is a nonprofit corporation that promotes Russian culture within the United States. RAF was founded by plaintiffs Marina Kovalyov, its president, and Rina Krishner, Kovalyov’s daughter. Kovalyov is also the vice president of Firebird Productions, Inc., a consulting firm that specializes in public relations within the Russian-American community.
On October 2, 2011, defendant Daily News, L.P, published an article about a bribery scandal involving former State Senator Carl Kruger. The headline, as it appeared on the front page of the print edition, read: “PAY UP! Sen. Kruger’s a bribe-taking machine, feds charge.”* On the Daily News website, the article bore the headline: “State Sen. Carl Kruger’s list of bribes for political favors continues to grow: FBI.”
The two subheadlines of the article in the print and digital editions read: “FBI documents show many payments to B’klyn pol’s shell firms” and “Ch-ching, he’s listening!” Between the subheadlines was a photograph of Kovalyov with the caption: “Marina Kovalyov, of Firebird Productions, got $50,000 in taxpayer grants from Kruger in 2007 & 2008.” The website edition of the article did not include Kovalyov’s photograph or the caption; it showed a photograph of Kruger with the caption: “FBI records show that State Senator Carl Kruger accepted payment [from] various shell companies in exchange for political favors.”
The article, written by defendant Robert Gearty, states that Kruger accepted a bribe from a land developer in Brooklyn.
“[The land developer] is part of a growing parade of locals the FBI believes bribed Kruger to win his political largesse, newly released court papers show.
“The group includes a Russian arts group seeking taxpayer money, a Diamond District dealer trying to open an adult day care center, and an insurance broker who would benefit from a bill Kruger sponsored mandating that all doctors buy malpractice insurance.
“All made payments to shell companies affiliated with Kruger, *412 the longtime Brooklyn Democrat who faces federal charges of exacting bribes to grant political favors, court papers said.
“Kruger was indicted in March and is set for trial in January, charged with taking bribes to facilitate a hospital merger and to smooth the way for a developer.
“As his case progresses, more evidence has emerged that paints a broader portrait of his malfeasance, prosecutors said.
“Much of this shows up in an FBI affidavit that surfaced in court only last month.” The article then lists several “Examples cited in the court papers,” including that “Marina Kovalyov and her daughter, Rina Kirshner, run the Russian American Arts Foundation, which got the taxpayer money, and Firebird Productions, which made $199,000 in payments between 2006 and [2010].”
The Daily News website maintains a “Topics” page, whereby readers can search for content about particular persons or entities. On the Topics page for RAF, the following headline appeared under RAF’s name: “Editorials: The bids are rigged.” Below the headline, the page read: “When city government puts contracts or grants out to bid, New Yorkers have every right to expect that all qualified applicants will have the same chance of winning an award.” A link (“Read more”) brought the reader to an editorial, originally published in the print edition on July 24, 2011, that discussed New York City Council Speaker Christine Quinn’s “corrupt member-item system,” whereby Quinn awarded discretionary funds to council members. According to the editorial, council member Domenic Recchia secured funds for RAF, among other entities, via the member-item system.
In March 2012, plaintiffs commenced this action against Gearty, the Daily News and Kevin Convey, the News’s editor-in-chief, alleging eight libel causes of action and a cause of action for negligent hiring with respect to Convey. As to the latter, the complaint alleged that Convey had a proclivity for publishing falsehoods, as was demonstrated during his tenure as editor-in-chief of the Boston Herald, when the Supreme Court of Massachusetts found the Herald liable for publishing falsehoods.
Defendants moved to dismiss the complaint on the ground that all of the published material was absolutely privileged under Civil Rights Law § 74, which protects “the publication of a fair and true report of any judicial proceeding.” Supreme Court granted the motion, and we affirm.
It is undisputed that all statements claimed to be libelous are part of a “report of [a] judicial proceeding” (Civil Rights Law *413 § 74) since the article reports on court papers, i.e., the FBI affidavit. The first and second causes of action, which allege that the shell firm headline was libelous to Kovalyov, were correctly dismissed because plaintiffs failed to plead that the headline was false. Indeed, the FBI affidavit establishes that the headline is true, thus the statement is privileged under Civil Rights Law § 74 (see Omansky v Penning, 101 AD3d 514, 515 [1st Dept 2012]).
The third and fourth causes of action allege that the photograph caption was libelous to Kovalyov. However, although the caption could be seen to imply that Kovalyov received taxpayer grants for her personal use, rather than on RAF’s behalf, “the language used [in an article] should not be dissected and analyzed with a lexicographer’s precision” (Holy Spirit Assn, for Unification of World Christianity v New York Times Co., 49 NY2d 63, 68 [1979]). The challenged caption is “substantially accurate” (see id. at 67).
The fifth, sixth, and seventh causes of action allege that the article was libelous to all plaintiffs. However, the article is a quintessential example of the type of speech that Civil Rights Law § 74 was intended to protect (see Holy Spirit Assn., 49 NY2d at 67; Lacher v Engel, 33 AD3d 10, 17 [1st Dept 2006] [“Comments that essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within section 74’s privilege”]).
The eighth cause of action, allegedly libelous to RAF and premised on the “bids are rigged” headline on the website topics page, was correctly dismissed because the headline does not refer to RAF and could not be deemed to be about RAF (see Julian v American Bus. Consultants, 2 NY2d 1, 17 [1956]). Reading the headline within the context of the editorial as a whole confirms that the challenged statement is not about RAF (see Aronson v Wiersma, 65 NY2d 592, 594 [1985]).
In view of the foregoing, plaintiffs have failed to allege that they have suffered any harm, and therefore the ninth cause of action, for negligent hiring, cannot stand (see Sheila C. v Povich, 11 AD3d 120, 129 [1st Dept 2004]). Concur — Acosta, J.P., Renwick, Richter and Feinman, JJ.

 The headline in the digital edition read: “Pay up! City pol a bribe-taking machine, feds charge.”