Rent Stabilization Assn. of N.Y.C., Inc. v McKee (2025 NY Slip Op 01197)

Rent Stabilization Assn. of N.Y.C., Inc. v McKee

2025 NY Slip Op 01197

Decided on March 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 04, 2025

Before: Kern, J.P., Singh, Friedman, Scarpulla, Shulman, JJ. 

Index No. 155789/18|Appeal No. 3813|Case No. 2024-02615|

[*1]Rent Stabilization Association of N.Y.C., Inc., Plaintiff-Appellant-Respondent,
v
Michael McKee, et al., Defendants-Respondents, Met Council, Inc., Doing Business as Metropolitan Council on Housing, Defendant-Respondent-Appellant, Real Rent Reform Campaign, Defendant.

Archer & Greiner P.C., New York (Anthony D. Dougherty of counsel), for appellant-respondent.
Patterson Belknap Webb & Tyler LLP, New York (Frederick B. Warder III of counsel), for respondent-appellant.
Curtis, Mallet-Prevost, Colt & Mosle LLP, New York (Turner P. Smith of counsel), for respondents.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about March 25, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Michael McKee and Tenants Political Action Committee (Tenants PAC), joined by defendant Met Council, Inc., for summary judgment dismissing the complaint as against them, and denied Met Council's separate motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to grant Met Council's motion, and otherwise affirmed, without costs.
Plaintiff Rent Stabilization Association of N.Y.C., Inc. (RSA) seeks relief for allegedly defamatory statements made by defendant McKee. RSA is the largest real estate trade association in the City of New York, representing over 25,000 landlords in the residential housing industry. At a meeting of the Housing and Buildings Committee of the New York City Council, McKee responded to a question from a city council member regarding the potential for repeal of vacancy decontrol legislation, warning the council about the money and power of the real estate lobby, and stating, as an example, that "in 2010, when the Democrats had a one vote majority in the state senate, the real estate industry, the RSA . . . went to three Democratic senators and promised them $150,000 in campaign funds." Later, when asked to comment on this litigation by a reporter, McKee stood by his remarks and reiterated his belief that "[t]hey bought off three Democratic Senators."
The complaint was properly dismissed. Contrary to its contention, RSA is a limited-purpose public figure in the field of rent regulation and landlord-tenant legislation (see Gottwald v Sebert, 40 NY3d 240, 251-252 [2023]; Winklevoss v Steinberg, 170 AD3d 618, 619 [1st Dept 2019], appeal dismissed 33 NY3d 1043 [2019]), as RSA "voluntarily injects [itself] into a public controversy with a view toward influencing it" (Krauss v Globe Intl., 251 AD2d 191, 192 [1st Dept 1998]). RSA lobbies for changes in laws and regulations on behalf of its members, and its president participates in interviews and writes opinion articles to advance RSA's position. RSA also maintains several social media accounts and encourages its members to share its posts. RSA has actively sought media attention in connection with its litigation challenging rent regulations, and it hired a public affairs firm to assist with press contacts. Thus, RSA has taken the requisite "affirmative step to attract public attention" (James v Gannett Co., 40 NY2d 415, 422 [1976]; see also Farber v Jefferys, 103 AD3d 514, 515 [1st Dept 2013], lv denied 21 NY3d 858 [2013]).
Accordingly, to withstand dismissal of its defamation claims, RSA was required to present clear and convincing evidence that McKee spoke with actual malice, that is, that he "in fact entertained serious doubts as to the truth of his [statements] or acted with a high degree of awareness of . . . probable falsity" (Kipper v NYP Holdings [*2]Co., Inc., 12 NY3d 348, 354 [2009] [internal quotation marks omitted]; see Sprewell v NYP Holdings, Inc., 43 AD3d 16, 21 [1st Dept 2007]). During his deposition, McKee explained that he based his conclusions upon publicly available campaign finance filings and conversations with legislators and staff, so his statements "were not made with knowledge of their falsity or reckless disregard of whether or not they were true" (Konrad v Brown, 91 AD3d 545, 546 [1st Dept 2012], lv denied 19 NY3d 804 [2012]). After a full opportunity to conduct discovery, RSA failed to adduce sufficient evidence demonstrating actual malice beyond "suspicion, surmise and accusation" (Kipper, 12 NY3d at 357 [internal quotation marks omitted]).
Met Council's separate motion for summary judgment is dismissed as moot as the action is being dismissed against all parties on the merits.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2025